### DONALD et al. v. LAWSON.

(Supreme Court, Appellate Term. March 24, 1904.)

1. AGENTS—REAL ESTATE BROKERS—COMPENSATION.

Where an owner of real estate employed a firm of brokers to sell his property at auction, and the brokers advertised the property and did everything necessary to prepare for the sale, they were entitled to recover from the owner the reasonable value of their services, although they did not sell the property owing to its sale, the day before the auction, by the owner.

Appeal from City Court of New York, Trial Term.

Action by Robert W. Donald and others against Robert Lawson. From a judgment of the City Court for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Putney, Twombly & Putney, for appellant.
Warren, Warren & O'Beirne, for respondents.

BLANCHARD, J. This is an appeal by the defendant from a judgment of the City Court rendered in favor of the plaintiffs upon a verdict directed by the trial court.

At the time this action arose, the plaintiffs' firm were real estate brokers, and maintained a real estate office. They were bonded and licensed auctioneers, and members of the real estate exchange. It is not disputed that the defendant employed the plaintiffs as such auctioneers to sell at public auction, on the floor of the exchange, a certain piece of real estate, agreeing to pay them for their services one-quarter of 1 per cent. of what the property brought, and also their actual disbursements. The plaintiffs advertised the property for sale at auction, and appeared to have done all the work necessary and proper to prepare for the sale. On the day of the sale they were informed that the property in question had been sold the day before at private sale for thirty thousand three hundred dollars ($30,300). Thereafter they sent a bill to the defendant for their disbursements, and seventy-five dollars ($75), the reasonable value of the services they rendered. The defendant sent them a check covering the disbursements, but refused to pay for the services. The contention of the defendant is that, inasmuch as the property was not sold at auction, the plaintiffs did not perform the services they undertook to perform, and hence are not entitled to compensation.

I am not aware that the law in respect to the services of auctioneers is different from that of other agents. In the absence of an express agreement as. to compensation, they would seem to be entitled to recover the reasonable value of their services. In the case at bar the defendant availed himself of the use of the plaintiffs' establishment and professional functions, as well as their actual services in preparing for the sale and attending to the advertising, and the plaintiffs carved out their time and use of their privileges, as auctioneers in the exchange, an hour and day for the sale of the defendant's property, and I think they are entitled to a reasonable compensation therefor. The undisputed testimony is that the reasonable value of the services by the plaintiffs for defendant is seventy-five dollars ($75), and the court directed a verdict for that sum, with interest, amounting to $89.

Upon the evidence, I think a direction for plaintiffs was proper. In the computation of the interest a mistake was made, and the judgment should be reduced in the sum of four dollars and fifty cents ($4.50), leaving the amount due at $84.50, and, as thus modified, affirmed, but without costs. All concur.